TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT  06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Janice Hill

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Janice Hill,<br><br>             Plaintiff,<br><br>     vs.<br><br>Marmon In-Home Care & Companionship,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

Plaintiff, Janice Hill (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Marmon In-Home Care & Companionship (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in the judicial district and a substantial part of the events or omissions giving rise to this claim occurred in the judicial district.

## PARTIES

4. Plaintiff is an adult resident of Modesto, California. Ms. Hill worked for Defendant as a caregiver. Plaintiff was not paid overtime compensation for hours she worked in excess of 40 in a workweek, even though she regularly worked more than 40 hours in a workweek.

5. At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

6. Defendant is a home healthcare service company incorporated in California with its principal place of business in Oakdale.

7. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

8. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

9. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

10. Defendant issued paychecks to Plaintiff during her employment.

11. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from her.

12. Defendant did not pay Plaintiff overtime compensation for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

13. From March 2017 to the present, Plaintiff worked for Defendant as a caregiver.

14. Plaintiff's primary duties consisted of assisting patients with daily living activities.

15. At all relevant times, Defendant paid Plaintiff on an hourly basis.

16. Plaintiff was required to submit her hours worked to Defendant.

17. During the relevant time period, Plaintiff regularly worked more than 40, and often in excess of 60, hours per week. She did not receive overtime compensation for hours she worked over 40 in a workweek.

18. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to her.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Attorneys' fees and costs pursuant to the FLSA;

D. Pre- and post judgment interest; and

E. Such other and further relief as may be just and proper.

DATED: October 25, 2018                           TRINETTE G. KENT

                                                                 By: */s/   Trinette G. Kent*
                                                                  Trinette G. Kent, Esq.
                                                                  Lemberg Law, LLC
                                                                  Attorney for Plaintiff, Janice Hill